# In the United States Court of Federal Claims

No. 18-762C

(Filed: January 9, 2019)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                   *
JAMES ROURKE et al.,                               *
                                                   *
                Plaintiffs,                        *
                                                   *
        v.                                         *
                                                   *
THE UNITED STATES,                                 *
                                                   *
                Defendant.                         *
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se James Rourke is a resident of the state of Massachusetts and Plaintiff pro se Albert Coggeshall is a resident of the state of South Carolina. Plaintiffs allege that after enlisting in the United State Air Force ("Air Force") in 1977 and 1979, respectively, the Air Force breached their enlistment contracts and subjected them to waterboarding and other enhanced interrogation techniques at Survival, Evade, Resist and Escape ("SERE") School. Compl. 1. Mr. Rourke alleges that he signed up for a position in the electronics field at enlistment, but was later assigned to a different career as a Radio Operator Maintainer and Driver ("ROMAD") and that this change resulted in a breach of his enlistment contract. Def.'s Mot. A4. Mr. Rourke makes a similar allegation on behalf of Mr. Coggeshall. See. Compl. 5. It was during their tenure as ROMADs that Plaintiffs allege they were subject to waterboarding and other enhanced interrogation techniques at SERE School. Id. at 1-2, 5-6; Def.'s Mot. A4.

---

[1] This background is derived from Plaintiffs' complaint and the appendix attached to Defendant's motion to dismiss.

Mr. Rourke alleges that in 1980, Senator John Glenn of Ohio, "stepped in and ended what the Air Force was doing to me and I was awarded breach of contract." Compl. 1. Mr. Rourke states that he was given the choice to either serve out his enlistment term or leave the Air Force and cross-train in any electronics field, but he opted to remain in the Air Force and trained in computer maintenance. Id. at 1, 3. Mr. Rourke further alleges that Mr. Coggeshall "was beaten and tortured and almost lost his life." Id. at 2. Mr. Rourke alleges that he and Mr. Coggeshall "were forced into Special Ops," despite it normally being a voluntary assignment, and that their lives have been ruined. Id. at 6.

Mr. Rourke alleges that in 2015, the Department of Veterans Affairs ("VA") diagnosed him with Post-Traumatic Stress Disorder ("PTSD") and that he was awarded a 100% disability rating after the VA agreed to waive the statute of limitations on his claim. Id. at 3. Mr. Rourke alleges that the VA awarded Mr. Coggeshall a 100% disability rating for PTSD as well. Id. Plaintiffs each seek $25,000,000 in damages stemming from the alleged breach of their enlistment contracts. Id. at 9.

### Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012).

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Plaintiffs allege that the Air Force breached their enlistment contracts by employing them as ROMADs rather than in their chosen fields in electronics and telecommunications. Military enlistment agreements, however, do not give rise to a contractual relationship. Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985). A soldier's entitlement to pay is statutory, not based in contract law. See Sonnenfeld v. United States, 62 Fed. Cl. 336, 338 (2004). Thus, legislative authority, not principles of contract law, form the basis for military personnel's right to pay. Schism v. United States, 316 F.3d 1259, 1268 (Fed. Cir. 2002); see also Bell v. United States, 366 U.S. 393, 401 (1961) ("[C]ommon-law rules governing private contracts have no place in the area of military pay. A soldier's entitlement to pay is dependent upon statutory right."). As such, this Court does not have the authority to grant Plaintiffs damages based upon an alleged breach of their enlistment contracts.

Even if this Court could adjudicate Plaintiffs' claims, their complaint would be untimely. A claim brought under the Tucker Act must be filed within six years of the claim's first accrual. 28 U.S.C. § 2501 (2012); see John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 136 (2008); Martinez v. United States, 333 F.3d 1295, 1304 (Fed. Cir. 2003) ("If the plaintiff does not file suit within the six-year limitation period of 28 U.S.C. § 2501, the plaintiff loses all rights to sue for the loss of pay stemming from the challenged discharge."). This is a jurisdictional requirement that cannot be waived, as it is a prerequisite for the waiver of sovereign immunity in suits against the United States for money damages. John R. Sand & Gravel Co., 552 U.S. at 133-34. Mr. Rourke enlisted in the Air Force in 1977, and alleges that in 1980, his enlistment contract was breached. Mr. Coggeshall enlisted in the Air Force in 1979, and his term of enlistment ended in 1983. Plaintiffs were thus aware of the facts underlying their alleged claims no later than 1983. Plaintiffs' complaint, filed in this Court in 2018, well over 30 years after their claims accrued, respectively, is therefore time-barred.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. Plaintiffs' motion for referral to alternative dispute resolution is denied as moot. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**